UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOM J. JONES, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-08-3742 |
| | § | |
| BONITA MORGAN, *et al*, | § | |
| | § | |
| Defendants | § | |

## PLAINTIFFF'S THIRD AMENDED COMPLAINT

TO THE HONORABLE U.S. DISTRICT JUDGE:

COMES NOW Tom J. Jones, Plaintiff in the above-styled and numbered cause, and makes and files this his Third Amended Complaint against the Board of Trustees of the Houston Independent School District ("Defendant HISD") and in support thereof would respectfully show this Honorable Court the following:

### PARTIES AND SERVICE

1. Plaintiff Tom J. Jones is an individual who resides in Harris County, Texas. Plaintiff was at all relevant times an employee within the meaning of the applicable statutes.

2. Defendant HISD has been served with process upon President Harvin C. Moore, HISD Board of Trustees, 4400 W. 18th Street, Houston, TX 77092, and answered herein.

### JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 28(I) U.S.C. § 1331 (federal question jurisdiction); 28(I) U.S.C. § 1343 (civil rights jurisdiction); and 28(I) U.S.C. § 1367 (supplemental jurisdiction over state law claims arising out of the same case or controversy).


EXHIBIT "C"

4. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because this is the district in which Plaintiff resides and where a substantial part of the events or omissions giving rise to the claims occurred.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff filed a complaint with the Equal Employment Opportunity Commission (EEOC) on April 15, 2008, for gender, age, and disability discrimination. The EEOC, by letter dated September 29, 2008, gave Plaintiff notice of his right to file federal civil rights charges.

6. The Texas Workforce Commission made a finding of termination without just cause on September 12, 2008, and awarded Plaintiff unemployment benefits.

## STATEMENT OF FACTS RELEVANT TO ALL CLAIMS

7. Plaintiff was employed by Defendant HISD starting from October 1999 until May 2008 as a music teacher at various schools within HISD.

8. Defendant HISD is a Texas public educational system serving all levels of education, pre-kindergarten through high school that receives Federal financial assistance.

9. From 2003 until around February 2006, Plaintiff was working for Defendant HISD as a music teacher at Kelso Elementary School, located at 5800 Southmund Street, Houston, Texas 77033. Plaintiff was the only music teacher employed by Kelso at that time. He was well-received by the faculty and students at Kelso and was enjoying his teaching career. On or around February 2006, Defendant HISD gave Plaintiff notice of transfer to Jean Hines-Caldwell Elementary School, located at 5515 West Orem, Houston, Texas 77087. The notice stated that Kelso Elementary no longer had any funds to support a music teacher position and that Plaintiff was immediately being transferred to the Caldwell campus to complete the semester. Plaintiff

received his transfer papers from the HISD South Region office the same day that he received the notice, and commenced working at Hines-Caldwell the following the day.

10.  Plaintiff completed the spring term from in 2006 at the Hines-Caldwell campus. He then applied for a music teacher position at James Madison High School around the spring of 2006 to transfer from Hines-Caldwell. Gloria Legington, the Principal of Madison High, informed Plaintiff that she would hire him for a choir position. Plaintiff completed the transfer papers, interviewed for the position, and was told he got the job three weeks before the start of school. However, after not hearing anything, Plaintiff contacted Ms. Legington about his new position and she told him that she did not want to talk about it. Plaintiff was effectively denied the transfer by Madison High and was instructed by Warner Ervin, the HISD South Region area superintendant, to return to the Hines-Caldwell campus for the following 2006-07 school year.

11.  The Hines-Caldwell school already had one music instructor, Valeta Rhodes, a female in her early forties in age, and Plaintiff became the second music instructor at that school. Ms. Rhodes resigned at the end of the fall semester in 2006 to attend graduate school. Plaintiff was required in the spring semester of 2007 to assume all of the responsibilities formerly shouldered by Ms. Rhodes, in addition to the responsibilities originally assigned to him.

12.  Plaintiff, at sixty-one years old, had been at the time of these events in the teaching field for more than thirty years, and his salary qualifications based on his extensive teaching experience were much higher than other music instructors. He was the oldest male teacher at Hines-Caldwell. Bonita Morgan was the Principal and Lizbeth Allen was the Assistant Vice-Principal at Hines-Caldwell. Ms. Morgan and Ms. Allen, due to discriminatory intent based on Plaintiff's older age and male gender, were disappointed that Plaintiff had not been able to transfer out of Hines-Caldwell. They unfairly, and without cause, initiated a campaign in the fall

of 2006 to discredit and ultimately oust Plaintiff from his teaching career with HISD, all the while creating a hostile work environment for Plaintiff. Most of the teachers who were employed by Hines-Caldwell were females who had been members of Ms. Morgan's college sorority. Plaintiff was the only black male employed as an instructor at the school.

13. On April 3, 2007, Ms. Morgan, in collaboration with Ms. Allen, wrote a highly negative appraisal of Plaintiff that was completely unfounded and inaccurate. She gave Plaintiff unsatisfactory appraisals in virtually every area of instruction. Plaintiff's teaching performance and style was at the same level or better than it had been since he began teaching in 1999. He had received proficient appraisals from almost every other principal in HISD prior to that appraisal.

14. Following the appraisal, Plaintiff filed a union grievance with the Congress of Houston Teachers and the South Region Superintendant, Mr. Ervin. Defendant Morgan became more malicious and vindictive, retaliating against Plaintiff in numerous ways, including but not limited to preventing his instruction and interaction with the students, not allowing him to hold class or practice in the cafeteria or on stage, and he was prohibited by Ms. Morgan from using any of the three pianos on campus.

15. On or around November 16, 2007, Plaintiff filed a complaint of discrimination based on sex and retaliation against Bonita Morgan with the Equal Employment Opportunity office ("EEO office"). Josephine Morgan, manager of the EEO office, sent a memorandum to Bonita Morgan notifying her of the complaint on November 19, 2007.

16. In January 2008, Ms. Morgan, in collaboration with Ms. Allen, wrote another negatively biased appraisal of Plaintiff, which was even worse than the April 2007 negative appraisal. Plaintiff requested a re-appraisal from HISD, which granted his request. Angela Lundy-Jackson

4

was assigned as Plaintiff's second evaluator. This second appraisal was much more positive, and Plaintiff was satisfied with most of her evaluations. Pursuant to HISD policy, the second appraisal was averaged with the negative appraisal conducted by Ms. Morgan. Ms. Lundy-Jackson executed a sworn affidavit in which she testified that the positive second appraisal had been discarded. Because Defendant HISD was on notice of Plaintiff's complaints of discrimination based on sex and retaliation since November 2007, HISD had a duty to preserve that appraisal and failed to do so.

17. Dr. Abelardo Saavedra was the Superintendent of HISD at the time of Plaintiff's employment, and Mr. Ervin is the Regional Superintendant of the South Region, the region in which Plaintiff was employed. When Plaintiff challenged the appraisals identified above, he sent letters to Mr. Saavedra and to Mr. Ervin notifying them of the falsity of the appraisals and the outrageously discriminatory and hostile environment created by Ms. Morgan and Ms. Allen. Plaintiff requested that they be formally investigated; however, Plaintiff never even received a phone call from either Dr. Saavedra or Mr. Ervin in this regard.

18. During the time period covered by these negative appraisals authored by Ms. Morgan and Allen, from September 2006–May 2008, Ms. Morgan and Ms. Allen executed various strategies, in addition to the above-referenced false appraisals, to handicap and sabotage Plaintiff's ability to perform his job as a music instructor. To ensure that he would not be able to succeed in his position, Ms. Morgan and Ms. Allen, who had personal control of the music equipment, purposefully denied Plaintiff the necessary equipment, e.g. piano, he needed to conduct his classes. They also prohibited him from having access to alternative areas where the equipment was located, such as the cafeteria where the piano was located and where he could have conducted his classes.

19. Ms. Morgan and Ms. Allen refused to permit Plaintiff to take his students to sing for the Houston Aeros hockey team. However, they permitted numerous female teachers to go on several outings with their students. They also refused to allow Plaintiff to attend the Texas Music Educators Conference to improve music teacher skills, while other female teachers were constantly away for similar conferences. In additional, several female teachers were absent due to illnesses much longer than Plaintiff, yet they were not given poor assessments and/or terminated. The teacher named by Hines-Caldwell as the teacher of the year, a female, had more absences than Plaintiff and which totaled more than ten, yet she never received a negative assessment due to her excessive absences.

20. Ms. Morgan and Ms. Allen also constantly blamed Plaintiff for any negative feedback from parents, but when a female teacher got into a cursing match with a male parent in front of staff and some students, they did not reprimand her or administer a poor appraisal for this conduct.

21. In the fall of 2007, Ms. Morgan arbitrarily instructed Plaintiff to change his student's grades from failing to passing, an illegal act under Board policy and state law.

22. Plaintiff's term contract with HISD to teach music did not stipulate that he was required to speak Spanish or any foreign language fluently. Yet Ms. Morgan rendered highly negative appraisals for his two all-Spanish classes even though he was not hired as a bi-lingual instructor. It was ungrounded and malicious for Ms. Morgan to penalize Plaintiff for not speaking Spanish when such fluency was never a requirement for his position.

23. This hostile work environment generated by Ms. Morgan and Ms. Allen was particularly stressful to Plaintiff and cause him severe mental anguish, since he was the only male instructor on the campus and the only music instructor during the fall semester of 2007 to the spring