IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| TOM J. JONES | § |
| | § |
| VS. | § CIVIL ACTION NO. H-08-3742 |
| | § |
| HOUSTON INDEPENDENT | § |
| SCHOOL DISTRICT | § |

**OPINION AND ORDER**

Before the Court is the "Plaintiff's Opposed Motion for Leave to File Plaintiff's Third Amended Complaint." After careful consideration of the Motion, the Defendant's response, and what the Court believes to be the applicable law the Court issues this Opinion and Order.

Jones wants to add a tort claim for spoliation of evidence, however, in the opinion of this Court, his proposed claim is not cognizable. While some state courts have recognized such a tort, see e.g. Fox v. Cohen, 406 N.E.2d 178 (Ill. App. Ct. 1980) (negligent spoliation claim); Smith v. Superior Court, 198 Cal. Rptr. 829 (Ct. App. 1984) (intentional spoliation claim), the Supreme Court of Texas has expressly held that Texas does not recognize a separate cause of action for spoliation of evidence. Trevino v. Ortega, 969 S.W.2d 950, 951 (Tex. 1998)  This Court could find no authority recognizing a spoliation claim under the federal common law and in Russell v. University of Texas of the Permian Basin, 234 Fed. Appx. 195 (5th Cir. 2007), a Title VII discrimination case, like the case at bar, the Fifth Circuit limited its discussion of spoliation to the propriety of refusing an adverse inference jury instruction. Id. 207-08

This Court concedes that the Honorable Andrew S. Hanen allowed the Plaintiff in Montemayor v. Heartland Transportation, Inc., 2008 U.S. Dist. LEXIS 88990 (S.D. Tex.), to

amend his complaint to add spoliation allegations, but Judge Hanen did so while permitting Montemayor to also add claims for gross negligence and exemplary damages. Moreover, in discussing Montemayor's spoliation "claim" Judge Hanen limited any potential "recovery" to the imposition of sanctions through the exercise of the Court's discretion. This Court, therefore, does not read Montemayor as recognizing an independent tort action for intentional spoliation.

Since this Court does not recognize an independent tort for either negligent or intentional spoliation, Jones' proposed amendment would be futile, Stripling v. Jordan Production Co., Inc., 234 F.3d 863, 873 (5th Cir. 2000) (Where proposed amended complaint would fail to state a claim upon which relief could be granted, amendment would be futile and the Court has discretion to deny a motion for leave to amend.), and it is, therefore, **DENIED**.

Of course, Jones is free to argue for an adverse inference at the time of trial and the Court certainly retains its inherent authority to impose any appropriate sanctions.

**DONE** at Galveston, Texas, this ____10th____ day of May, 2010.

_____
John R. Froeschner
United States Magistrate Judge

2