IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| TOM J. JONES | § |
| | § |
| VS. | § CIVIL ACTION NO. H-08-3742 |
| | § |
| HOUSTON INDEPENDENT | § |
| SCHOOL DISTRICT | § |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment" of Defendant Houston Independent School District; the Motion seeks the dismissal of all remaining claims of Plaintiff, Tom J. Jones. The Court, having given careful consideration to the Motion, Jones' response, and the District's reply, now issues this Opinion and Order.

## RELEVANT FACTUAL BACKGROUND

Jones is a 63 year old African-American male who, during his 30-year teaching career, taught music in the Houston Independent School District (HISD) from 1999 until his teaching contract was not renewed following the 2007-2008 school year. Throughout his employment at HISD, Jones consistently received "unsatisfactory" to low/middle range "proficient" ratings in the 8-domain "Professional Development Appraisal Summary" (PDAS) evaluation scheme of the District. For example, in 2000, while teaching at DeBakey High School for Health Professions he was "unsatisfactory" or "below expectations" in each domain of his PDAS. In 2001, at the Yates High School, he was rated as low/middle "proficient" in 7of 8 domains.[1] In 2004, at Kelso Elementary School, he received a low/middle "proficient" rating in all 8 domains.

---

[1] In domain VIII he received a rating of 36, which is in the higher range of "proficient."

In 2006, Jones was transferred to Hines-Caldwell Elementary School where Bonita Morgan served as principal. Jones was not evaluated in 2006; however, Morgan conducted a PDAS of Jones on April 3, 2007, which apparently addressed only 5 of the 8 domains, and rated him as "below expectations" in 3 domains and low "proficient" in the other 2. Jones challenged Morgan's evaluation as untimely under District policy and it was thrown out on a technicality; nevertheless, it is competent summary judgment evidence. On two occasions, February 5, 2007, and October 24, 2007, Morgan conducted observations of Jones' classroom; each visit was followed by a letter to Jones criticizing his poor teaching performance. On November 2, 2007, Lizbeth Allen, the school's vice-principal, observed Jones' class; she too issued a letter expressing her "instructional concerns" of his poor teaching practices.

On November 16, 2007, Jones filed an EEO complaint with the District charging Morgan with sex discrimination and retaliation. It is unclear when Morgan became aware of Jones' complaint, but it is clear that she was to be contacted pursuant to a memorandum from the District's EEO Manager dated November 19, 2007.

On November 27, 2007, and January 9, 2008, Morgan again observed Jones' classrooms. Following each visit Morgan issued letters to Jones highly critical of his performance. One day after the January visit, Morgan placed Jones on an "Intervention Plan for Teacher In Need of Assistance" (TINA) for domains I, II and IV. On January 23, 2008, Morgan again observed Jones' class; as in the past, a very critical letter was sent to Jones concerning his "repeated failure to comply with administrative directives."

On January 30, 2008, Morgan conducted an ADAS evaluation of Jones. Morgan rated Jones as "below expectations" in domains V through VIII and "unsatisfactory" in domains I, II

2

and IV, the TINA domains; in fact, Morgan gave Jones a total of only 1 point in the three "unsatisfactory" domains.

On February 5, 2008, Walter Smith, the Elementary Fine Arts Manager, observed Jones' class. Smith, too, was critical of Jones' teaching performance, concluding, *inter alia*, that Jones should "observe other elementary teachers and use learned techniques."

On February 14, 2008, Morgan observed Jones' classroom again; once more, a post-observation letter was critical of his performance and his failure to follow directives.

Finally, on February 22, 2008, Morgan held a conference with Jones and a representative from the Congress of Houston Teachers to discuss Jones' unimproving teaching performance. Following the meeting, Morgan decided to recommend nonrenewal of Jones' contract. On March 3, 2008, Morgan sent a letter to Jones informing him of her decision to do so, based upon his "unacceptable" job performance.

On April 8, 2008, the District's EEO office issued an Opinion letter to Jones informing him that, following its investigation, his allegations of sex discrimination and retaliation were "not confirmed." Significantly, the following findings were issued:

- There are 12 males assigned to the campus and of those interviewed, none felt as though they had been treated unfairly by the Principal and other administrators on campus and stated that they had not witnessed any favoritism or discrimination against male workers. When you were informed of this you stated "maybe it's just me."
  . . .
- You stated that you have never received a favorable evaluation from Ms. Morgan, which can invalidate your claim of retaliation for filing the grievance based on an unfavorable evaluation.

On April 30, 2008, citing a negative "Summative Annual Appraisal" received from Morgan on April 28, 2008, Jones requested a second "impartial" appraisal. Jones' request was

granted and Angela Lundy Jackson was assigned to perform the appraisal. Jackson did so on May 5, 2008. Thereafter, Jackson issued her appraisal, rating Jones as "below expectations" in every domain except V, in which she rated him "proficient." Under District policy, Jackson's rating numbers were to be averaged with Morgan's to provide the numbers upon which his appraisal would be based.

On May 22, 2008, Jones was sent notice from the District that his contract would not be renewed and that he would be terminated from employment effective May 31, 2008.

**SUMMARY JUDGMENT STANDARD**

The District now seeks summary judgment as to Jones' gender discrimination and retaliation claims. The Court sees no need to recite the now well-known summary judgment calculus established by the 1986 Trilogy of Supreme Court cases; however, it will note that, but for strict credibility determinations, in an non-jury case, like this one, the trial judge, at the summary judgment stage, has the limited discretion to "draw his inferences without resort to the expense of trial" where, in his opinion, the same evidence at a plenary trial will not enhance his ability to do so or possibly lead to a different result. See Matter of Placid Oil Co., 932 F.2d 394, 398 (5th Cir. 1991) (quoting Nunez v. Superior Oil Co., 572 F.2d 1119, 1124 (5th Cir. 1978)

**ANALYSIS**

Before addressing the merits of each of Jones' remaining claims, the Court must resolve an evidentiary dispute over the document which appears to be the "second" appraisal of Jones conducted by Angela Jackson. (Plaintiff's Exhibit L)    Jackson originally, under oath, identified the document as the "averaged" appraisal, however, she now avers that it has to be her original appraisal because otherwise some of her original scores would have had to have been very high

and she remembers "giving Mr. Jones low scores in almost all domains." Since this is a non-jury case, the Court is inclined to resolve this issue without the need of a trial.

There is no dispute that two individual appraisals were to be done. If the document were, as Jones would have it, the averaged scores, then Jackson's original scores in domains II, IV and V would have been 38, 31 and 27, respectively, scores that Jones had never approached in all of his years with HISD, even before Morgan's involvement. It would also seem improbable that Jackson's scores would, conveniently, all be numbers that, when added to Morgan's, would be neatly divisible by 2, leaving no fractions. In addition, it would seem odd that Jackson's "comments" and "areas to address" remarks, many of which are specific to a single observation, would appear on the "averaged" appraisal. This Court is, therefore, convinced that the document is Jackson's original appraisal. This conclusion comports with her recollection that she gave Jones low scores, albeit scores substantially higher that those of Morgan in 5 of the 8 domains, since the average of her scores with those of Morgan's results in ratings of "below expectations" in 7 domains and "unsatisfactory" in domain III.

A. **Gender Discrimination Claim**

To establish a *prima facie* case to raise the inference of gender discrimination, Jones must show, *inter alia*, that he was qualified for the job of music teacher at the time his contract was not renewed. Unfortunately, for Jones, the evidence in this case precludes him from doing so. Jones argues that the District "is unable to explain how (he) suddenly became 'unqualified' to instruct elementary school students" upon his arrival at Hines-Caldwell after he had "displayed demonstrated success teaching students throughout his tenure with HISD." But this argument is belied by the facts. Jones' very first HISD evaluation by Charlesetta Deason at DeBakey rated

5

him as unqualified. The two evaluations Jones touts, when examined closely, rated him as only minimally qualified. And all four evaluators during Jones' career at Hines-Caldwell found his teaching performance to be below an acceptable level over an extended period of time. Even discounting the evaluations of Morgan, whom this Court concedes may have developed a hostility towards Jones through dislike or frustration, the clear consensus of the three other evaluators, two of whom can be clearly classified as "independent," is that during the 2007 - 2008 school year, Jones was, in their opinion, not qualified to continue in his job. In the absence of timely job qualification, the existence of discrimination, if any, is simply immaterial and, as a result, not actionable.

In passing, the Court notes that even if it were able to reach the "pretext stage" of Jones' alleged gender discrimination claim, his anecdotal evidence of gender-related discriminatory treatment could never prove, given the consistently poor evaluations Jones received throughout the history of his employment with HISD, Cf. Rubenstein v. Administrators of Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000), that the District's purported legitimate non-discriminatory reason for not renewing his contract was false.

In the opinion of this Court, Jones' gender discrimination claim is without merit and must be dismissed.

B. **Retaliation Claim**

To establish a *prima facie* case for his Title VII retaliation claim, Jones must show that there is a causal link between his filing of the November 16, 2007, EEO complaint and the non-renewal of his teaching contract on May 22, 2008. Jones' reliance on the disqualification of Morgan's first PDAS evaluation and resultant reinstatement of his Kelso "proficient" assessment

is misplaced; the fact remains that the actual evaluation of Morgan, his alleged primary antagonist, was that his teaching performance was, on average, below acceptable standards. Nor is his reliance on the proposition that the three observations of his classes prior to this EEO complaint filing should not count, since none was a formal PDAS, to any avail; these evaluations, only two of which were by Morgan, all found his testing performance ineffective and in need of substantial improvement. Therefore, by the time Jones filed his EEO complaint, the criticism of his teaching abilities at Hines-Caldwell was already firmly established. Consequently, Jones cannot probatively assert that Morgan's, and the others' post-EEO complaint evaluations were retaliatorily motivated: the foundation for his ultimate termination was already steadfastly in place by November 16, 2007. See Clark County School Dist. v. Breeden, 532 U.S. 268, 272 (2001) (Adverse employment action planned prior to discovery of Plaintiff's filing of discrimination charge cannot provide evidence of causality.) Cf. Mauder v. Metropolitan Trans. Auth. Of Harris County, Texas, 446 F.3d 574, 584-85 (5th Cir. 2006) (Where employee had been placed on probation and threatened with an improvement deadline for termination for consistent tardiness before he filed for FMLA leave, there could be no causal connection between his leave request and his termination to support his claim of retaliatory discharge.) Compare Long v. Eastfield College, 88 F.3d 300, 308 (5th Cir. 1996) (Summary judgment denied where Plaintiff's evaluation scores plunged after the filing of his complaint of discrimination.) Since Jones cannot produce evidence that his teaching performance never fell below the "proficient" level until after he filed his EEO complaint, he cannot satisfy the "causal connection" requirement of a *prima facie* case for Title VII retaliation.

Even assuming, for sake of argument, that Jones' summary judgment proof could show his termination was not "wholly unrelated" to the filing of his complaint, Medina v. Ramsey, 238

7

F.3d 674, 684 (5th Cir. 2001) (quoting Simmons v. Camden County Bd. Of Educ., 757 F.2d 1187, 1189 (11th Cir. 1985), and satisfy the requirements of a *prima facie* case, Jones' evidence could not meet the more stringent "but for" test, applicable at the "pretext stage" of the analytical framework, and permit a reasonable trier of fact to find that the District's reason for Jones' non-renewal, his unacceptable teaching performance, was a pretext for retaliation. Sherrod v. American Airlines, Inc., 132 F.3d 1112, 1122 (5th Cir. 1998)  Given Jones' history of poor evaluations before he filed his EEO complaint, it is obvious that his evaluations at Hines-Caldwell had impaired beyond repair any possible chance the District would have renewed his contract. See McMillian v. Rust College, Inc., 710 F.2d 1112, 1117 (5th Cir. 1983)  Jones' retaliation claim must, therefore, be dismissed.

**CONCLUSION**

For the foregoing reasons, it is the **ORDER** of this Court that the Motion for Summary Judgment (Instrument no. 53) of Defendant, Houston Independent School District, is **GRANTED** and that all remaining claims asserted by Plaintiff, Tom J. Jones, against the District are **DISMISSED**.

**DONE** at Galveston, Texas, this ____22nd____ day of June, 2010.

John R. Froeschner
United States Magistrate Judge